# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN CHARLES, AMY POOLE, | ) | |
| JAMES POPPENHOUSE AND | ) | |
| JASON KUKLA, Individually and on behalf | ) | |
| of all Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:19-cv-3266 |
| | ) | |
| SCHEELS ALL SPORTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Scheels All Sports, Inc., by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of the above-captioned action to the United States District Court for the Central District of Illinois, Springfield Division, and for grounds hereof, respectfully states:

1.     The above-captioned action, now pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, is a civil action filed by Plaintiffs John Charles, Amy Poole, James Poppenhouse and Jason Kukla, individually and on behalf of all others similarly situated, brought against Defendant Scheels All Sports, Inc. A copy of the Complaint and Summons is attached hereto as Exhibit 1.

2.      Plaintiffs allege that they were employees of the Defendant and as employees, they were required to "clock in" and "clock out" of work shifts by having their fingerprints scanned by a biometric timeclock, and that this practice was a violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*  Exhibit 1, ¶ 13, 14.

3.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), which grants United States district courts with jurisdiction over any civil action which is a "class action" and in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of the class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2), (d)(5)(B).

4.      This action is a "class action" under 28 U.S.C. § 1332(d), because Plaintiffs purport to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et seq.*  Exhibit 1, ¶ 71.

5.      The number of members in the purported class is more than 100. Specifically, Plaintiffs seek to certify a class that is defined as follows: "All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period."  Exhibit 1, ¶ 71.  Without admitting that the timekeeping system used by Defendant in any way violated the Illinois Biometric Information Privacy Act, the number of current and former employees of Defendant who used the timekeeping system

referenced in the Plaintiffs' Complaint during the course of their employment with Defendant is more than one thousand.

6.    The Plaintiffs' Complaint seeks, for each of the putative class members, statutory damages of up to $5,000, plus attorney's fees and costs and litigation expenses. Exhibit 1, ¶¶ 84, 94, 103.

7.    In light of the above, the matter in controversy exceeds the sum or value of $5,000,000 ($5,000 for each class member, multiplied by 1,000+ potential class members).

8.    All plaintiffs are citizens of the State of Illinois.  Exhibit 1, ¶ 4.

9.    Defendant Scheels All Sports, Inc. is a corporation organized and existing under the laws of the State of North Dakota, and having its principal place of business in the State of North Dakota.  Therefore, Defendant is a citizen of the State of North Dakota for purposes of 28 U.S.C. § 1332.

10.    This case presents a justiciable case or controversy under Article III of the U.S. Constitution because Plaintiffs allege that their biometric identifiers and biometric information were "systematically and automatically disclosed, redisclosed, or otherwise disseminated" without their consent and that this alleged disclosure violated their right to privacy.  Exhibit 1, ¶¶ 101, 102.  Therefore, Plaintiffs have alleged a "concrete and particularized" invasion of a legally protected interest.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

11.    Defendant was served on October 22, 2019.  Removal is timely because this notice is being filed within 30 days of service of the Complaint and Summons.

12.    A copy of the court file (other than the Complaint) from Sangamon County is attached hereto as Exhibit 2.

WHEREFORE, Defendant Scheels All Sports, Inc. respectfully requests that this Honorable Court accept jurisdiction of said action and for such other relief the Court deems appropriate.


/s/ Denise Baker-Seal
Denise Baker-Seal, #6255589
BROWN & JAMES, P.C.
Attorneys for Defendant
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois  62220-1547
618/235-5590; 618/235-5591 (Fax)
dseal@bjpc.com; dowens@bjpc.com

**AFFIDAVIT OF SERVICE**

I, the undersigned, on the 20th day of November, 2019 electronically filed this document with the United States District Court, Central District of Illinois which will send electronic notification to each of the following:

Mr. Brandon M. Wise
Mr. Paul A. Lesko
Peiffer Wolf Carr & Kane, APLC
818 Lafayette Avenue, Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwcklegal.com

and

Mr. Jonathan T. Nessler
The Law Offices of Frederick W. Nessler & Associates, LTD.
536 North Bruns Lane, Suite 1
Springfield, IL 62702
jtnessler@nesslerlaw.com

(Co-Counsel for Plaintiff)


       Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

                          /s/ Denise Baker-Seal

21863517.1